**[ECF No. 62]**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **NORMAN L. SCOTT, SR.,**  **Plaintiff,**  v.  **THE COOPER HEALTH SYSTEM,**  **Defendant.** | **Civil No. 22-4123 (KMW/SAK)** |

**OPINION AND ORDER**

This matter is before the Court on the motion seeking leave to file an amended complaint and to modify the scheduling order [ECF No. 62] filed by *pro se* Plaintiff Norman L. Scott, Sr. The Court received the opposition of Defendant The Cooper Health System [ECF No. 66], and Plaintiff's response [ECF No. 67]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff filed this employment discrimination action against Defendant asserting claims of discrimination based on race, sex, and age under state and federal law. *See* Compl., ECF No. 2. Plaintiff initially filed the case in the Eastern District of Pennsylvania. *See id.* Shortly thereafter, the case was transferred to this District. ECF No. 5. On December 19, 2024, the Court held the initial conference and issued a scheduling order. *See* ECF No. 52. The order prescribed, *inter alia*, that the deadline to amend the pleadings would expire on February 28, 2025. *See id.* ¶ 6. No party sought to extend this deadline. Notably, the Court reaffirmed that this remained the operative

deadline in text orders entered on February 20, 2025, and April 16, 2025, respectively. *See* ECF No. 54 (noting that, apart from initial written discovery deadlines, "[a]ll other deadlines set forth in the December 20, 2024 Scheduling Order [ECF No. 52] remain in effect"); *see also* ECF No. 56 ("The deadlines set forth in the December 20, 2024 Scheduling Order [ECF No. 52] remain in effect."). The subsequently issued May 21, 2025 Amended Scheduling Order is silent as to the then-expired deadline to amend. *See* ECF No. 61.

On July 2, 2025, more than four months past the deadline, Plaintiff filed the instant motion. Plaintiff seeks leave pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) to file an amended complaint and to modify the scheduling order. *See* Pl.'s Mot. at 1. Specifically, Plaintiff seeks to add two additional claims of retaliation and tortious interference. *See id.* He also seeks to "clarify existing allegations." *Id.* Despite Plaintiff's request to modify the scheduling order under Rule 16, he otherwise contends the motion is timely. *See id.* ("A scheduling order was entered on May 21, 2025; which set the deadline to amend pleadings by July 15, 2025."). In reality, the order which Plaintiff references extended the deadline for pretrial factual discovery to July 15, 2025. *See* ECF No. 61, ¶ 2. Nevertheless, in the same breath, Plaintiff claims he "could not reasonably have asserted these new claims before the deadline due to newly discovered facts; documents received in discovery." Pl.'s Mot. at 1. Attached to the motion is a copy of the proposed amended pleading. *See id.* Ex. A. The proposed amendment, however, appears to be incomplete, as it only includes Plaintiff's newly proposed claims and omits all claims from his operative complaint. *Compare id.*, with *Compl.* Plaintiff asserts he acted diligently, in good faith, and "not for the purpose of delay." Pl.'s Mot. at 2. He further asserts the amendment will not prejudice Defendant. *See id.* As such, Plaintiff argues that his motion should be granted.

Defendant opposes the motion. In brief, Defendant contends Plaintiff's motion is untimely, that he failed to exhaust his administrative remedies as to the alleged retaliation claim, and that he unduly delayed the filing of the proposed amendment, which is otherwise futile. *See* Def.'s Opp'n at 6–22. As to the untimeliness argument, Defendant alleges that Plaintiff fails to satisfy Rule 16's good cause standard and that this alone warrants the denial of his motion. *See id.* at 9 ("Plaintiff does not address whether he can establish good cause under Rule 16 and, instead, solely contends that pursuant to Rule 15, his motion should be granted."). While Plaintiff loosely references newly discovered facts or discovery, Defendant contends he fails to identify what these are. *See id.* at 10. Defendant further contends the record demonstrates Plaintiff has possessed the information needed to bring the instant motion since "the filing of his initial complaint and well before the deadline to amend pleadings." *Id.* at 11.

In reply, Plaintiff objects to Defendant's opposition arguments. Plaintiff maintains he had good cause to file the motion; that he did his best to exhaust his administrative remedies; that his proposed claims are not futile; that he did not intentionally delay the case; and that no prejudice is suffered by Defendant if the proposed amendment is permitted to proceed. *See* Pl.'s Reply at 1.

**II.    DISCUSSION**

    **A.  Legal Standard**

The threshold issue in resolving a motion to amend is determining whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16 on the other hand provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[W]hen a party moves to amend or add a party

after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

Unlike the liberal standard of Rule 15(a)(2), "and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *accord Premier Comp Sols., LLC*, 970 F.3d at 318–19. In assessing diligence, the Court asks whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Arzadi v. Evanston Ins. Co.*, No. 17-5470, 2021 WL 1712527, at *2 (D.N.J. Apr. 29, 2021) (citation omitted). "Good cause" to amend a scheduling order may be found where "the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline." *In re: Paulsboro Derailment Cases*, No. 13-0784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015) (alteration in original) (citation omitted). "Nevertheless, courts regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio v. F.B.I.*, No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (collecting cases).

### B. Analysis

As a threshold matter, the Court finds that Plaintiff's motion is untimely. While he appears to implicitly acknowledge this, he also explicitly misstates the deadline to amend in a manner that would render his motion timely. *See* Pl.'s Mot. at 1 (alleging that "the deadline to amend pleadings [was] July 15, 2025"). The actual deadline was February 28, 2025. Plaintiff filed his motion on July 2, 2025. Thus, his motion was not timely filed. The Court must also note that the motion is

4

procedurally deficient. The proposed amended pleading attached to Plaintiff's motion is visibly incomplete, as the facts and claims underlying his operative complaint are conspicuously absent. In other words, the proposed pleading appears to be more of a supplement than an amendment. Pursuant to Local Civil Rule 15.1, parties must attach "a copy of the proposed amended pleading" to their motion, along with another copy indicating "in what respect(s) it differs from the pleading which it proposes to amend." L. CIV. R. 15.1(a)(1), (2). The rule's purpose is self-evident: "to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading." *Leoncini v. Feinstein*, No. 18-14554, 2019 WL 1261404, at *3 (D.N.J. Mar. 18, 2019) (citations omitted). Failure to comply with Rule 15.1 complicates the Court's review "and, in and of itself, is in error significant enough to warrant denial of Plaintiff's motion." *Valentine v. Monroe Twp.*, No. 22-4384, 2024 WL 3064630, at *3 (D.N.J. June 20, 2024) (citation omitted). Accordingly, given the deficient nature of Plaintiff's proposed amendment and his failure to include a copy that indicates how it differs from his operative complaint, the Court finds his motion fails to comply with Rule 15.1. However, since Plaintiff is proceeding *pro se*, the Court will not deny his motion solely on this basis.

  Instead, the Court finds Plaintiff's motion must be denied because he fails to satisfy the good cause standard of Rule 16(b)(4). Plaintiff's opaque allusion to "newly discovered facts" and "documents received in discovery" falls far short of satisfying his burden to show due diligence. Pl.'s Mot. at 1. Simply stating that he "acted diligently" does not suffice. *Id.* at 2. This statement is not only self-serving but insufficient, by itself, to support the proposition it asserts. Absent any identification or description of the purported "facts" or "documents" to which Plaintiff refers, the Court's analysis cannot proceed. Nevertheless, it is Plaintiff's burden to show—not the Court's to extrapolate or otherwise discern—good cause to amend a scheduling order under Rule 16(b)(4).

As the Third Circuit put it: "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986); *see First Bank of Puerto Rico v. Misite*, 813 F. App'x 758, 764 (3d Cir. 2020) (citation omitted) (alterations in original) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation."); *see also Itiowe v. Trentonian Owner & CEO*, No. 13-5779, 2014 WL 5358993, at *1 (D.N.J. Oct. 20, 2014) (internal quotations and citation omitted) ("While *pro se* plaintiffs are not held to [the] same strict standards as attorneys, they also cannot be excused from compliance with the plain text of the federal rules."). Having already found that Plaintiff failed to satisfy his burden under Rule 16, no further analysis is necessary under Rule 15. The Court, therefore, will deny Plaintiff's motion in its entirety.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **3rd** day of **September**, **2025**, that Plaintiff's motion [ECF No. 62] is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Opinion and Order to Plaintiff *via* regular mail and shall enter a notation on the docket indicating the date upon which this Opinion and Order was forwarded to Plaintiff *via* regular mail.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.