**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| NORMAN L. SCOTT, SR.,<br><br>Plaintiff,<br><br>v.<br><br>THE COOPER HEALTH SYSTEM,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 22-4123 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Norman L. Scott, Sr.'s ("Plaintiff") Motion for Recusal (Dkt. No. 118); the Opposition thereto filed by Defendant The Cooper Health System ("Defendant") (Dkt. No. 119); and a Reply filed by Plaintiff (Dkt. No. 123); and

**WHEREAS,** Plaintiff asks this Court to enter an Order recusing Magistrate Judge Sharon A. King pursuant to 28 U.S.C. §§ 144, 455(a), and 455(b)(1), (*see* Dkt. No. 118 at 1, 4); and

**WHEREAS,** under 28 U.S.C. § 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party." 28 U.S.C. § 144; and

**WHEREAS,** the Third Circuit has long held that "[t]he mere filing of an affidavit under this section does not automatically disqualify a judge." *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (citing *Behr v. Mine Safety Appliances Co.*, 233 F.2d 371 (3d Cir. 1956), *cert. denied*, 352 U.S. 942 (1956). "Disqualification results only from the filing of a timely and *sufficient* affidavit." *Id.* (emphasis added) (citing *Brotherhood of Locomotive Firemen and Enginemen v. Bangor and Aroostook R. Co.*, 380 F.2d 570, *cert. denied per curiam*, 389 U.S. 327 (1967)). "It is

the duty of the judge against whom a section 144 affidavit is filed to pass upon the legal sufficiency of the facts alleged." *Id.* (citing *Simmons v. United States*, 302 F.2d 71 (3d Cir. 1962); and

**WHEREAS,** under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) ("Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to a reasonable person, with knowledge of all the facts.") (internal quotations and citation omitted); and

**WHEREAS,** in order to succeed on the recusal motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); *see also Jacobs*, 311 F. App'x at 537 ("A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'"); and

**WHEREAS,** "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). To the contrary, "the source of bias [must] be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877850, at *1 (D.N.J. Sept. 5, 2017) "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 555 (1994); and

2

WHEREAS, here, Plaintiff has not submitted any evidence to suggest that he requested Judge King recuse herself in the first instance, *see* 28 U.S.C. § 144; and

WHEREAS, Judge King has not determined that Plaintiff has "ma[de] and file[d] a timely and sufficient affidavit [she] has a personal bias or prejudice either against [Plaintiff] or in favor of any adverse party" pursuant to 28 U.S.C. § 144, *see Townsend*, 478 F.2d at 1073;

CONSEQUENTLY, for all the foregoing reasons, and for good cause shown;

IT IS this 8th day of **December, 2025** hereby

ORDERED that Plaintiff's Motion for Recusal (Dkt. No. 118) is **DENIED**; and further

ORDERED that Plaintiff may refile his motion, addressed to Judge King, within fourteen (14) days of this Order. Pursuant to 28 U.S.C. § 144, however, Plaintiff must rely on the affidavit filed in support of his Motion (*see* Dkt. No. 118) and may not further amend his allegations set forth therein. *See* 28 U.S.C. § 144 ("A party may file only one such affidavit in any case.").

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE