[ECF Nos. 97, 102, 126, 127]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **NORMAN L. SCOTT, SR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE COOPER HEALTH SYSTEM,**<br><br>**Defendant.** | Civil No. 22-4123 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court on two motions for reconsideration [ECF Nos. 97, 102] filed by *pro se* Plaintiff Norman L. Scott, Sr.[1] Plaintiff seeks reconsideration of an order denying a discovery motion and another order resolving a related discovery dispute. *See* ECF Nos. 94, 101. The Court received the opposition briefs filed by Defendant [ECF Nos. 105, 115], and Plaintiff's reply in support of his first motion [ECF No. 107]. The Court exercises its discretion to decide the motions without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons that follow, Plaintiff's motions are **DENIED**.

**I.     BACKGROUND**

To avoid repetition, the Court incorporates by reference the discussion in its Opinion and Order denying Plaintiff's motion to amend and modify the scheduling order. ECF No. 91, at 1–2.

---

[1] Plaintiff has since filed two motions to compel: one seeking to compel Defendant to produce the very same discovery underlying his first motion for reconsideration, ECF No. 126, and another seeking to compel the deposition of Edward Snyder—an issue connected to the order underlying his second motion for reconsideration but not a subject thereof, ECF No. 127. For the reasons set forth more fully herein, the Court will deny these two motions as well.

By way of a brief background, Plaintiff filed this action against Defendant asserting claims of employment discrimination based on, *inter alia*, race, sex, and age under state and federal law. *See* Compl., ECF No. 2. Specifically, Plaintiff asserts that he applied for but did not receive a position at Cooper Health based on the alleged discrimination. He further asserts that this position was offered to another applicant without experience.

Following the initial conference on December 19, 2024, a Scheduling Order was entered. ECF No. 52. Pursuant to this Order, pretrial fact discovery closed on May 30, 2025. This deadline was initially extended to July 15, 2025, upon Defendant's request, *see* ECF Nos. 58, 61, and again to September 8, 2025, upon Plaintiff's request. *See* ECF Nos. 70, 74. After a discovery hearing held on September 22, 2025, the Court once again extended this deadline for a third and final time to November 5, 2025. *See* ECF No. 94.

The discovery process has been riddled with disputes, requiring multiple extensions and the Court's active involvement.[2] On August 4, 2025, Plaintiff filed a motion for leave to conduct depositions upon written questions. ECF No. 75. He sought to depose two of Defendant's current employees, one former employee, and "Sandy [Last Name Unknown], an individual who was part of the interview." *See id.* at 1. Defendant opposed the motion asserting, in part, that it was not aware of any individual named "Sandy." ECF No. 83, at 4. Defendant also alleged that discovery had demonstrated only one individual was present during Plaintiff's interview: the hiring manager, Edward Snyder. *See id.*

At the September 22, 2025 discovery hearing, the Court denied Plaintiff's motion, finding that the depositions could be taken without leave pursuant to FED. R. CIV. P. 31(a)(1). To facilitate

---

[2] The docket reflects the voluminous filings from the parties regarding requests and disputes. *See, e.g.*, ECF Nos. 58, 64, 65, 68, 69, 75, 76, 79–90.

2

the depositions of the two current employees, the Court permitted Plaintiff to serve the deposition notices on Alyssa I. Lott, Esquire, counsel for Defendant, who stated that her firm represented these employees. *See* Order ¶ 2, Sept. 25, 2025, ECF No. 94.  As to the former employee, the Court ordered Defendant to provide Plaintiff with her last known address. *See id.* ¶ 3.  With respect to the deposition of "Sandy," the Court denied Plaintiff's oral request to compel further discovery regarding his or her identity, finding that the request was untimely as Plaintiff had not previously sought to obtain discovery about Sandy's identity.[3]  While this issue was addressed in Defendant's opposition brief, it was raised for the first time by Plaintiff at the September 22, 2025 hearing.

Plaintiff subsequently filed a motion seeking reconsideration of the Court's denial of his oral request for discovery concerning "Sandy's" identity. *See* ECF No. 97.  Specifically, Plaintiff seeks an order requiring Defendant to "disclose Sandy's full legal name, last known address, and representation status." *See id.* at 2.  Plaintiff argues the relief is warranted, in part, because he was "ill and inadvertently did not raise the fact that Sandy's information had already been requested through formal discovery" at the hearing. *Id.* at 1.

Shortly thereafter, the Court issued a ruling on a pending discovery application of Plaintiff. *See* ECF No. 85; Order, Oct. 7, 2025, ECF No. 101.  Plaintiff requested, *inter alia*, that the Court compel Defendant to serve amended, full, and proper responses to his Requests for Admissions ("RFAs").  The Court denied Plaintiff's application, finding that Defendant "adequately responded to the requests for admissions." *See* Order ¶ 7, Oct. 7, 2025.  Plaintiff then filed his second motion for reconsideration, ECF No. 102.  In this motion, Plaintiff seeks partial reconsideration of the denial of his request to compel complete and proper responses to his RFAs, but only as it pertains

---

[3] At the time Plaintiff filed his motion for leave to conduct depositions upon written questions, fact discovery was set to expire on September 8, 2025. *See* Order ¶ 1, July 25, 2025, ECF No. 74.

3

to RFA Nos. 3, 4, and 11. *See id.* at 2. RFA No. 3 states: "Admit that a person named 'Sandy' participated in the interview with Plaintiff." ECF No. 85, at 5. Defendant objected to this RFA, contending that it was vague and ambiguous. Notwithstanding its objection, Defendant responded, "assuming that Plaintiff is referring to his interview for the Biomedical Specialist II position in or around May 2021, denied." *Id.* RFA No. 4 states: "Admit that a technician in Defendant's department made a comment regarding Plaintiff's age." *Id.* After asserting several objections, Defendant denied this request. *See id.* RFA No. 11 states: "Admit that Defendant never gave Plaintiff an opportunity to respond to any negative information received from his employer." *Id.* at 8. After asserting that the request was vague and ambiguous, Defendant denied the request, stating it did not contact Plaintiff's former employer. *See id.* Defendant's response also referenced its response to RFA No. 6, wherein Defendant denied contacting Plaintiff's "former employer and [speaking] with Zhan Kieslev." *Id.* at 6.

Defendant opposes both motions on various grounds. *See* ECF Nos. 105, 115. In general, it characterizes Plaintiff's motions as meritless and contends that he fails to satisfy his requisite burden under the applicable law. As such, Defendant maintains that the motions must be denied.

## II.   DISCUSSION

### A. Legal Standard

While not expressly authorized by the Federal Rules, in this District, the Local Civil Rules provide for and govern motions for reconsideration. *See Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). Local Civil Rule 7.1(i) permits a party to file a motion requesting the Court to reconsider "the matter or controlling decisions which the party believes the Judge has overlooked." *See Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) (citation omitted) "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to

present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the [order]." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted). Stated differently, such a motion "will not be granted where a party simply asks the court to analyze the same facts" it had already considered in reaching its original decision. *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (citation omitted). "A party's mere disagreement with a decision" is an inappropriate basis for reconsideration. *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) (citations omitted).

The Third Circuit has held that a motion for reconsideration may only be granted if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To prevail under the third prong, the moving party must show that dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered. *See D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012) (citation omitted). In other words, the third prong only applies "where such facts or legal authority were indeed presented but overlooked." *Id.* at 206 (citations omitted).

B. Analysis

Here, the Court finds Plaintiff's motions must be denied because he simply fails to provide any sufficient, cognizable basis for the relief sought. As to his first motion, Defendant correctly notes that Plaintiff does not argue that any of the requisite factors apply. *See* ECF No. 105, at 3. Instead, Plaintiff merely states he "was ill and inadvertently" failed to raise certain information.

5

ECF No. 97, at 1. This argument—irrespective of its truth or impact on the ruling—is insufficient alone to warrant reconsideration. Plaintiff's second motion suffers from similar deficiencies. *See* ECF No. 102. While he loosely refers to what could constitute newly discovered information in passing, he does so without any specificity. *See id.* at 4. Consequently, Plaintiff's attempt to raise a cognizable basis for relief, in part, is insufficiently vague. Plaintiff likewise fails to adequately demonstrate that any other applicable factor applies. Again, he does not allege that an intervening change in controlling law has occurred. And, despite alleging that "[r]econsideration is warranted to prevent manifest injustice and to correct clear factual oversight," *id.* at 1, Plaintiff fails to offer evidence in support of either claim. The Court, therefore, denies both motions.

As to the motions to compel Plaintiff recently filed, the Court finds both suffer from fatal substantive and procedural deficiencies. The first motion seeks to compel Defendant to produce precisely the same discovery at issue in his first motion for reconsideration—information relating to the identity of "Sandy." *See* ECF No. 126. Apart from relitigating an issue the Court already ruled on, which is also the subject of a pending motion for reconsideration at the time of filing, the motion is untimely. Fact discovery, which was extended three times and nearly six months beyond the original deadline, closed more than a month prior to the motion's filing. The Court, therefore, denies the first motion to compel on untimeliness grounds. Plaintiff's second motion seeks to compel an oral deposition of Edward Snyder. Since this motion was simultaneously filed with the other, it likewise fails for untimeliness. As such, the Court will deny both motions.

### III. <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **18th** day of **December**, **2025**, that Plaintiff's motions for reconsideration [ECF Nos. 97, 102] are **DENIED**; and it is further

**ORDERED** that Plaintiff's motions to compel [ECF Nos. 126, 127] are **DENIED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.