[ECF No. 125]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NORMAN L. SCOTT, SR., <br><br> Plaintiff, <br><br> v. <br><br> THE COOPER HEALTH SYSTEM, <br><br> Defendant. | Civil No. 22-4123 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Recusal of Magistrate Judge [ECF No. 125] filed by *pro se* Plaintiff Norman L. Scott, Sr.[1] The Court received the opposition of Defendant The Cooper Health System [ECF No. 131]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED**.

**I.   BACKGROUND**

Since the parties are familiar with the factual background and procedural history of the case, only the most salient points will be set forth herein. In brief, Plaintiff filed this action against Defendant asserting claims of employment discrimination based on, *inter alia*, race, sex, and age under state and federal law. *See* Compl., ECF No. 2. Specifically, Plaintiff asserts that he applied for but did not receive a position at Cooper Health based on the alleged discrimination. He further asserts that this position was offered to another applicant without experience.

---

[1] Plaintiff's motion also seeks an order to stay all proceedings pending resolution of his motion for recusal. *See* Pl.'s Mot. at 6–7.

Plaintiff now moves for an order recusing the undersigned pursuant to 28 U.S.C. §§ 144, 455(a), and 455(b)(1). *See* Pl.'s Mot. at 1. He alleges that the requested relief is required by law based upon a perceived "[h]ostility and [d]ismissiveness [t]oward Plaintiff" by the Court. *Id.* at 2. He also alleges that the Court engaged in "improper premature fact-finding," calling into question its impartiality. *Id.* at 3–4. Plaintiff entirely relies upon purported excerpts from a single hearing transcript in support of these arguments. *See id.* at 2–4 (citing Hr'g Tr., Sept. 22, 2025). Notably, no party appears to have requested a transcript of this hearing as it's conspicuously absent from the docket. However, the record reflects that the Court issued an order thereafter memorializing its oral rulings on discovery at the hearing and denying a pending motion of Plaintiff's. *See* Order, Sept. 25, 2025, ECF No. 94. Plaintiff then moved for reconsideration of the discovery rulings. *See* ECF No. 97. The Court denied the motion alongside a subsequent motion for reconsideration filed by Plaintiff concerning similar discovery issues. *See* Op. & Order, Dec. 18, 2025, ECF No. 128. At bottom, both reconsideration motions and the instant motion for recusal are rooted in a common and recurring issue only recently raised by Plaintiff—the identity of the unknown "Sandy" witness. The Court denied Plaintiff's oral request to compel discovery regarding his or her identity at the September 22, 2025 hearing as untimely. *See id.* at 3. Another request which related, in part, was denied on other grounds. *See id.* at 3–4; Order ¶ 7, Oct. 7, 2025, ECF No. 101. Plaintiff loosely likens the Court's orders denying his Sandy-related discovery requests as conduct demonstrating bias and prejudgment by the Court. The Court must note that, in the attached affidavit pursuant to 28 U.S.C. § 144, Plaintiff raises additional issues not addressed within his motion.[2]

---

[2] The Court must also note that Plaintiff's affidavit includes an improper electronic signature. *See* DISTRICT OF NEW JERSEY ECF POLICIES AND PROCEDURES § 12(b) (as amended Apr. 3, 2014) (prescribing that a "document requiring the signature of a non-attorney must be filed electronically by . . . submitting a scanned document containing the necessary signature").

2

Defendant opposes Plaintiff's motion, contending "it amounts to nothing more than mere dissatisfaction with this Court's Orders." Def.'s Opp'n at 1.  It further contends that the record is devoid of any evidence demonstrating any personal bias or prejudice by the Court against Plaintiff. *See id.* at 1–4.  It also asserts Plaintiff has not produced any such evidence. *See id.* at 4.  As such, Defendant maintains that Plaintiff's motion must be denied.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge "has a personal bias or prejudice against him or in favor of any adverse party."  To succeed on a recusal motion, the movant must make a threefold showing: "(1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; [and] (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Discover Bank v. Greenwood House Home for the Jewish Aged*, No. 18-16020, 2023 WL 2307091, at *1 (D.N.J. Feb. 28, 2023) (citing *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)).

Section 455(a) prescribes that any "magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The test for recusal under this section is an objective one. *In re Kensington Intern. Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted).  While Section 455(a) is considered a catchall disqualification provision, Section 455(b)(1) is narrower "in that it requires a judge to disqualify [herself] only if '[she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C. § 455(b)(1)) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

Under either statute, the movant must generally rely on extrajudicial conduct in order to demonstrate bias or prejudice. *See Liteky*, 510 U.S. at 551. Thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion;" "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* (citation omitted); *see, e.g.*, *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

### B. Analysis

Here, the Court finds that Plaintiff's motion and corresponding affidavit consist entirely of conclusory statements lacking any foundation in fact. In other words, his affidavit is insufficient and fails to establish any personal bias or prejudice against him. Plaintiff relies on the following reasons to question the Court's impartiality: (1) the Court "accus[ing] [him] of 'playing games' despite [his] disability and pain," (2) the Court "adopt[ing] Defendant's version of disputed facts, including rejecting [his] eyewitness account of a second interviewer, 'Sandy,'" (3) the Court's "reli[ance] on Defendant's certification as conclusive truth," (4) the Court's "fail[ure] to enforce" an October 7, 2025 Order "requiring Defendants to supplement discovery," and (5) the purported denial of "all motions" at a November 19, 2025 conference without explanation.[3] Pl.'s Mot. at 5.

---

[3] The Court notes that it is at a loss as to what Plaintiff is referring to here. Once again, neither party requested a transcript of the subject conference, which was scheduled as a status conference. *See* ECF No. 100. The minute entry for the conference confirms this much and makes no reference to any motions. *See* ECF No. 116. The only order the Court issued following the conference is a November 19, 2025 Text Order reaffirming the deadline for dispositive motions. ECF No. 117.

Since Plaintiff relies solely on an unofficial transcript of the September 22, 2025 hearing to support these arguments, he fails to cite to any official portion of the record in support of his motion. Consequently, he fails to expound upon items four and five, which stem from subsequent hearings.

As to the first three items, the Court finds Plaintiff misconstrues the Court's statements and misapprehends its rulings. Based upon a review of the audio recording of the September 22, 2025 hearing, the Court agrees with Defendant's contention that Plaintiff quotes the Court grossly out of context. The Court's reference to "playing games" was not in response to Plaintiff's disability or pain but rather his refusal to answer a question. *See* Def.'s Opp'n at 2 ("Nothing in the transcript of the hearing suggests that the Court was accusing Plaintiff of playing games because he was disabled. Plaintiff was asked at the conference if he had an understanding of the race of the individual hired, to which he responded yes, but yet refused to answer the Court's question when asked to identify the race of the individual."). Notably, the Court inquired at the outset of the hearing if Plaintiff was able to proceed after he advised he was "in a lot of pain at the moment." Plaintiff stated that he was able to answer the Court's questions truthfully despite his condition and elected to proceed. After roughly forty minutes, Plaintiff indicated he was not able to continue because of his pain. The Court then agreed to end the hearing early and render a ruling on the remaining issues based on the parties' submissions. Therefore, the Court finds that Plaintiff fails to point to any evidence or facts in the record that supports the conclusion that a reasonable person would doubt the Court's impartiality with respect to item one.

Plaintiff simply misapprehends the Court's rulings with his contentions contained in items two and three. Plaintiff contends that the Court "adopted Defendant's version of disputed facts" as to the unknown "Sandy" witness and "relied on Defendant's certification as conclusive truth." Pl.'s Mot. at 5. To be clear, the Court made no such ruling. Instead, the Court found that Plaintiff

5

had failed to submit any evidence to refute the statements contained in Defendant's certification. Plaintiff seemingly conflates the denial of his request for further discovery concerning "Sandy" as the Court adopting his adversary's position. Plaintiff's arguments that the Court acted with bias or prejudice are based upon nothing more than his mere disagreement or dissatisfaction with the Court's decisions and rulings. *See In re TMI Litig.*, 193 F.3d 613, 729 (3d Cir. 1999) ("[A]dverse rulings do not warrant disqualification."); *Smith v. Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited).[4] For these reasons, the Court finds Plaintiff's assertions of impartiality and bias unavailing and will deny his motion in its entirety.[5]

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **4th** day of **February**, **2026**, that Plaintiff's motion for recusal [ECF No. 125] is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to stay [ECF No. 125] is **DENIED** as moot.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.

---

[4] Because Plaintiff fails to offer any evidence or otherwise articulate any arguments in support of items four and five, the Court need not address them.

[5] In light of the Court's ruling on Plaintiff's motion for recusal, the Court will deny his motion to stay as moot.